BREUCHAUD v. MUTUAL LIFE INS. CO. OF NEW YORK et al.

(Circuit Court, S. D. New York. November 23, 1907.)

PATENTS—INFRINGEMENT—WALL SUPPORTS.
    The Breuchaud patent No. 563,130, for improvements in the construction of supports for walls, which relates especially to the construction of subbases for old walls when excavations are made adjoining, was not anticipated, and discloses invention and a meritorious advance in the art; also *held* infringed.

In Equity.

Henry D. Donnelly and Henry M. Turk, for complainant.
Alfred W. Kiddle, for defendants.

PLATT, District Judge. This is a patent suit, based on letters patent June 30, 1896, to complainant, No. 563,130, for "new and useful improvements in construction of supports for walls," etc.

An examination of the specifications and claims shows an intention to disclose an improved system of underpinning, or constructing a subfoundation or support for the walls of buildings or other heavy structures, and particularly those of already existing buildings when a very high building is to be erected immediately alongside the old one.

The claims (all in issue) are:

"1. The method herein described of constructing a subbase or foundation for a building-wall, or other structure, which consists in arranging a hydraulic jack in engagement with the base portion of the wall, and successively driving column-sections perpendicularly into the earth until a column is formed which reaches bed-rock, or other firm sub-strata, then removing the jack, and subsequently forming a pressure-resisting connection between the upper end of the column and the base portion of the wall, substantially as set forth.

"2. The combination with a building-wall, or other structure, of beams inserted into the wall, hydraulic jacks acting against the beams, and column-sections alined with the jacks and driven by the latter into the earth until bed-rock, or other firm sub-strata, is reached, said wall constituting a resistance to the jacks while they are driving the column-sections perpendicularly into the earth, substantially as described.

"3. The combination with a building-wall, or other structure, of beams inserted into the lower portion of the wall, perpendicular columns driven into the earth under the wall, beams arranged on the upper ends of the columns, and a filling interposed between the beams on the columns and the beams inserted into the wall, substantially as described.

"4. The combination with a building-wall, or other structure, having horizontally and vertically arranged recesses in its base portion, of perpendicular columns driven into the earth under the recessed portions of the wall, beams arranged on the upper ends of the columns, beams arranged in the horizontal recesses of the wall, and fillings inserted into the vertical recesses of the wall between the beams on the columns and the beams in the horizontal recesses, substantially as described."

The defenses roughly stated are anticipation, lack of patentability, and noninfringement. The patent has been attacked with vigor and

ability in respect of its novelty and of its disclosures. It is claimed on this latter branch that not enough is shown, and that what is shown discloses nothing entitled to merit as an inventive concept. The entire subject has received my best thought, and in summing up I am bound to say that the patent is, so far as I can see, valid and infringed. The central idea therein, and the one which especially distinguishes it from the prior art, is that which teaches the public how to cut part way through a section of the old wall at or near its base, placing therein cross and vertical beams, and thereby affording sufficient resistance to jacks, so that pipe, tube, or cylinder sections can be driven down to bed rock or other suitable foundation beneath the wall, using the wall itself as the resisting force. This does away with the old method of supporting the adjoining building with needle beams, etc., until a new foundation could be introduced, and does not interfere with the occupants. It also greatly facilitates the work. The advantages are many, but I have no time to set them down. I think it to be a meritorious invention, and really (as is claimed for it) a path breaker in the art to which it applies. It is the natural outcome of the greatly changed condition of affairs in our densely populated centers. Upon the authorities it is entitled to protection. If the patent is valid, the infringement is clear. This memorandum is the outcome of a careful hearing and an extended study of the matter in my chambers.

The defendants should be enjoined, and an accounting had. So ordered.